Exhibit 13

Letter from N. Marzulla to S. Terrell

April 3, 2015



April 3, 2015

Stephen R. Terrell, Esq.
Trial Attorney
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, DC 20044-0663

      Re: Government's April 2, 2015 objections to Plaintiffs' Second Notice of
          30(b)(6) Deposition

Dear Stephen:

This letter responds to the United States' April 2, 2015 Responses and Objections to the Plaintiffs' Notice of 30(b)(6) Deposition of the United States, refusing to produce any witness to testify about topics 2, 3, 5, 6, 9, 10, 11, 14, and 16 in Plaintiffs/Claimants' Second Notice of 30(b)(6) Deposition of the United States dated March 16, 2015, in *Goodeagle v. United States*, No. 12-4311L, *Quapaw Tribe (O-Gah-Pah) v. United States*, No. 12-4311L, and *Bear v. United States*, No. 13-51X. Because discovery in this case terminates on April 16, 2015, we ask you to immediately reconsider this refusal to comply with Plaintiffs/Claimants' good-faith discovery request. If after reviewing this letter the Government has any remaining objections to providing a witness on these deposition topics, please call me at your earliest convenience to discuss whether we can resolve those remaining objections or whether we need to prepare a joint status report for the Court.

The following responds to each of the Government's objections:

**Topic No. 2:** The Government has refused to produce a witness to testify about Topic No. 2, which seeks testimony regarding whether allottees were adequately paid for "easements granted to form streets and alleys, sewer facilities, and electric, phone and gas lines" on allotted land. Your claim that "Plaintiffs previously deposed the United States on this topic" is incorrect. Our review of the three Rule 30(b)(6) depositions we took in late 2014 shows that we asked no questions on this topic. And your reference to Topic 5 of Plaintiffs' October 8, 2014, Notice of Deposition fails to support your objection since that topic was "[t]he Quapaw Analysis's calculation of town lot loss totals," listing

specific topics for examination limited to the Government's failure to collect rent on town lots and not mentioning easements or rights-of-way. You have plainly misread Topic No. 2, which identifies this topic for the first time. Since the Government has no legitimate reason for not producing a witness to testify about this topic, we ask that you do so promptly.

**Topic 3:** Your claim that Topic 3, "trespassing related to occupation and use of land without a valid lease or easement, or occupation and use that is not compliant with the terms of the lease or easement," is vague and ambiguous is questionable in light of the Interior Department's regulations on the topic.[1] To clarify, when someone occupies Quapaw allotted land without having a lease or in violation of the lease (for example, failure to pay rent), it is a trespass. This topic is discussed, for example, in the Quapaw Analysis at pages 44, 49, 53, 57, 58, 85, 92, and 95. We thus see no merit to the Government's suggestion that it lacks sufficient detail about this topic, or that it is vague and ambiguous. Therefore, we again ask the Government to promptly identify a witness to testify about this topic.

**Topic 5:** You have evidently misunderstood Topic No. 5. To clarify, we are not asking for any testimony regarding the preparation of the Quapaw Analysis, as you have erroneously interpreted this request. Rather, Plaintiffs/Claimants request the deposition of a Government witness on the factual question whether "[t]he Bureau of Land Management, in some instances, failed in its fiduciary duty by allowing excessive pillar removal." In addition, they ask to depose a Government's witness on "all Government procedures and policies to safeguard and protect natural resources during the periods of significant mining activities on Plaintiffs/Claimants' lands." Your objection that Government mining policies and Government-prescribed mining procedures are "legal conclusions" is puzzling, since government policies are usually written documents made available to the public, and mining procedures are generally more technical than legal. We would be happy to help define those terms if you do not understand them well enough, but further note that we are aware of no excuse for refusing to produce a deponent on "legal conclusion" grounds.

Since the Government has no legitimate basis for refusing to produce a witness to testify about this topic, we ask that you promptly identify a witness.

**Topic Nos. 6 and 10:** Topic No. 6 seeks factual information about the Government's trust management and supervision of the Catholic Mission Land (Catholic Forty), and Topic No. 10 seeks factual information about any mining royalties realized by the Catholic Church from mining activities on that land. We do not see how you could

---

[1] *See, e.g.*, 25 C.F.R. § 162.106.

confuse this with Topic 11 of our October 8, 2014 deposition notice: "The factual bases underlying the Government's denial of the Quapaw Tribe's Request for Admission No. 9 ("The Quapaw Analysis provides an accurate methodology for quantifying the impact of the Department of the Interior's historic mismanagement of Quapaw tribal and allotted lands." We designated no topics in the October 8, 2014, 30(b)(6) deposition notice concerning the Catholic Forty.

In addition, you are mistaken that the Catholic Forty claims are no longer at issue in this litigation. Although the Court dismissed the Catholic Forty claim from the Quapaw Tribe's Complaint under the Tucker Act on statute of limitation grounds, that dismissal does not preclude the Claimants in *Bear v. United States* from bringing this claim in the Congressional Reference lawsuit.

**Topic No. 9:** This topic is directly relevant to the determination of damages resulting from the Government's breach of trust for failure to protect the Quapaw's soil, water, and natural resources against mining contamination which has led to the polluted area known as Tar Creek. The Government has no legitimate grounds for refusing to produce a witness to testify about this topic. Therefore, we ask that you promptly identify a witness to testify about this topic.

**Topic No. 11:** Topic No. 11 seeks factual information about any lease payments owed to the Quapaw Tribe from leasing activities on the Industrial Property as described in the Quapaw Analysis at page 106. The Government has erroneously objected to this topic, mistakenly asserting that this topic was encompassed by the October 8, 2014 Topic No. 11, when in fact that prior topic concerned the Government's denial that the Quapaw Analysis provides an accurate methodology. The Government has no legitimate grounds for refusing to produce a witness to testify about this topic. Therefore, we ask that you promptly identify a witness to testify about this topic. See also Quapaw's response to the Government's objection to Topic No. 5.

The Quapaw will respond separately to the Government's objections to Topic Nos. 14 and 16.

Finally, we reserve the right to object to the Government's use of any testimony or witness about any of the topics for which the Government has refused to produce a witness.

Letter to S. Terrell
April 3, 2015
Page 4

I look forward to hearing from you soon regarding these objections and to scheduling the deposition(s) for your witness(es) on these topics.

Yours truly,

*M. Rheadh* FOR
Nancie G. Marzulla   *Nancie G. Marzulla*